Case 4:24-cv-03513   Document 18   Filed on 02/25/25 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIN MCCAIN TOWNLEY, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 4:24-CV-3513 |
| § | |
| AETNA HEALTH, INC., § | |
| *Defendant*. § | |

# MEMORANDUM AND ORDER

Before the Court is Aetna Life's motion to dismiss *pro se* Plaintiff's federally preempted state law claims, ECF No. 4,[1] and Plaintiff's motion to remand to Texas state court, ECF No. 5.[2] Aetna Life argues that ERISA governs Plaintiff's breach of contract, promissory estoppel, and DTPA claims because they relate to ERISA plans and are preempted under the ERISA civil enforcement statute. ECF No. 4. Plaintiff contends that Aetna Life improperly removed this case to federal court because her state law claims do not involve a question of federal law. ECF No. 5.

Having considered the parties' briefing and the applicable law, the Court concludes that ERISA completely preempts Plaintiff's breach of contract claim and Plaintiff's remaining state law claims are conflict-preempted. The Court therefore denies the motion to remand, grants the motion to dismiss, and permits Plaintiff to amend her complaint to bring her preempted state law claims under ERISA.

---

[1] Plaintiff filed a response, ECF No. 7, and Defendant filed a reply, ECF No. 9.

[2] Defendant filed a response, ECF No. 8, and Plaintiff filed a reply, ECF No. 14.

I.      BACKGROUND.

Plaintiff alleges that she "brings this action to recover benefits that she is entitled to receive as an enrolled member of a group health insurance policy[3] issued by [Aetna Health]," and specifically seeks "to recover amounts related to certain claims for covered medical care, for which [Aetna Health] wrongfully denied payment." ECF No. 1-3 at 4. Plaintiff explains that she gave birth in May 2023, and under the terms of the group insurance policy, her child was covered by the policy for 31 days after birth whether the child was enrolled in the policy or not, but then Aetna denied claims for her newborn's care because the child was not enrolled in the plan. ECF No. 1-3 at 4–5.

Plaintiff sued Aetna Health in Texas state court, alleging breach of contract, promissory estoppel, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), all stemming from its failure to pay her child's claims. ECF No. 1–3 at 6–7. Aetna Life, asserting itself as the plan administrator of the operative plan, removed the instant case to federal court on behalf of Aetna Health and asserted that ERISA completely preempts Plaintiff's state law claims. ECF No. 1 at 2. It then moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing the same claims were

---

[3] The parties contest the operative group insurance policy and the identity of the plan administrator, the proper defendant. Plaintiff contends that the Certificate of Coverage, effective date September 1, 2016, administered by Aetna Health, is the operative plan because she pulled this plan from the Aetna website. ECF No. 1-3 at 4, 9–271. Aetna Life contends that the Open Access Aetna Select medical plan, effective date September 1, 2022, administered by Aetna Life, is the operative plan. ECF No. 1-6 at 2–70. The Court addresses this conflict below.

2

conflict-preempted by ERISA. ECF No. 4.[4] Plaintiff filed a motion to remand. ECF No. 5.[5] The Court ordered additional briefing on the preemption issue because its notice of removal failed to adequately distinguish between the two types of ERISA preemption, which affects whether the Court has removal jurisdiction. ECF No. 15. Aetna Life filed additional briefing arguing that Plaintiff's state law claims are both complete- and conflict-preempted. ECF No. 16.

The Court first considers the motion to remand, and then, because the Court has subject jurisdiction, considers the motion to dismiss.

## II.   THE FEDERAL REMOVAL ACT AND ERISA PREEMPTION.

The federal Removal Act provides that in general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship[6] exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Hampton v. Allstate Ins. Co.*, No. CV H-23-

---

[4] Plaintiff filed a response, ECF No. 7. Aetna Life filed a reply. ECF No. 9.

[5] Aetna Life filed a response, ECF No. 8. Plaintiff filed a reply. ECF No. 14.

[6] In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

682, 2023 WL 4054963, at *2 (S.D. Tex. June 16, 2023) (citing *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998)). A plaintiff may move to remand an action on the basis of any defect in the removal procedure within 30 days of removal, or at any time on the basis of a lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Texas v. Howard*, No. 3:24-CV-00178, 2024 WL 3246578, at *1 (S.D. Tex. June 25, 2024), *adopted*, No. 3:24-CV-178, 2024 WL 3416522 (S.D. Tex. July 12, 2024) (citing *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir. 2002)).

"It is well recognized that 'a *pro se* plaintiff's pleadings are liberally construed.'" *Harvey v. Sullivan*, No. 3:22-CV-337, 2022 WL 17405834, at *2 (S.D. Tex. Dec. 2, 2022) (quoting *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that courts must hold a *pro se* complaint's allegations "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that courts construe *pro se* plaintiffs' "allegations and briefs more permissively").

Relevant here, "the district court may not remand if the defendant demonstrates the presence of a 'substantial federal claim, *e.g.,* one completely preempted by ERISA[.]'" *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 528–29 (5th Cir. 2009) (quoting *Giles v. NYLCare Health Plans, Inc.,* 172

4

F.3d 332, 337 (5th Cir. 1999)).[7] In most instances, "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction." *Meyers*, 2009 WL 3756323, at *2 (quoting *Rodriguez v. Pacificare of Tex.,* Inc., 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149 (1908))). An exception to the well-pleaded complaint rule is if Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character," such as the ERISA statute. *Id.* (citing *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987)); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-08 (2004)). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* (citing *Davila,* 542 U.S. at 209).

Here, Plaintiff's state court petition does not raise claims under federal law and the parties are not diverse citizens, so Aetna Life can establish removal jurisdiction only if ERISA preempts one or more of Plaintiff's claims. *See Lone Star*, 579 F.3d at 528–29; *see also Meyers v. Tex. Health Res.*, No. CIV A 3:09-CV-1402-

---

[7] ERISA is a comprehensive civil-enforcement scheme for employee welfare benefits. *Lone Star*, 579 F.3d at 530 (citing *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, (2004)).

D, 2009 WL 3756323, at *2 (N.D. Tex. Nov. 9, 2009) (citing *Westfall v. Bevan*, 2009 WL 111577, at *2 (N.D. Tex. Jan.15, 2009)).

## III. THE COURT HAS SUBJECT MATTER JURISDICTION.

Aetna Life removed the instant case to federal court on the basis that ERISA completely preempted Plaintiff's state law claims because she could have brought her claims under ERISA § 502(a)(1)(B), and the complained-of actions implicate no other independent legal duty. ECF No. 1 at 2–4. Plaintiff moved to remand, arguing that Aetna Life, who she did not sue, may not remove this case, and even so, her claims are not based on an ERISA-governed plan because the ERISA plan attached to the removal papers is "not the instrument upon which any of Plaintiff's claims are based"—instead, her claims are based on the certificate of coverage. ECF No. 5 at 1–2.

There are two types of ERISA preemption: (1) complete preemption[8] under § 502; and (2) conflict preemption[9] under § 514. Regarding complete preemption, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated

---

[8] A state law claim that is completely preemption is transformed into a new federal claim under § 502 and gives a federal court subject matter jurisdiction. *Meyers*, 2009 WL 3756323, at *2 (citing *Metro. Life. Ins.*, 481 U.S. at 66).

[9] "Conflict preemption under § 514 is a defense and leads to the dismissal of the state-law claim." *Meyers*, 2009 WL 3756323, at *2. So, if state-law claims "relate to" an ERISA plan, whether asserted in state or federal court, then ERISA supersedes state law and the claims must be dismissed. *Id.* (citing *Menchaca v. CNA Group Life Assurance Co.*, 331 F. App'x 298, 304 (5th Cir. 2009) (per curiam) (upholding dismissal of state-law claims based on § 514 preemption).

6

by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Meyers*, 2009 WL 3756323, at *2 (citing *Davila*, 542 U.S. at 210). Section 502(a) "completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Martinez v. Prudential Ins. Co. of Am.*, 594 F. Supp. 3d 827, 838 (S.D. Tex. 2021) (quoting *McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004)). Under § 502(a)(1)(B), a participant can file a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

Here, Plaintiff alleged that she brought "this action to recover benefits that she is entitled to receive as an enrolled member of a group health insurance policy," and "to recover amounts to certain claims for covered medical care, for which the Defendant wrongfully denied payment." ECF No. 1-3 at 4. In her breach of insurance contract claim,[10] Plaintiff argues that "Defendant's denial of claims for Plaintiff's newborn infant medical care . . . constitutes a clear material breach of the insurance policy." ECF No. 1-3 at 6. ERISA completely preempts this claim because Plaintiff, without question, seeks to recover benefits allegedly due to her under the terms of

---

[10] The Court first considers this claim because in the additional briefing, Defendant noted that Plaintiff's "contract claim asserts the most direct attack on Aetna's healthcare claims adjudication . . . ." ECF No. 16 at 2.

7

the plan and to enforce her rights under the terms of the plan, and does not allege the violation of any other independent legal duty. *See Roberts v. Reynolds & Reynolds Trucking, Inc.*, No. 3:15-CV-3662-B, 2016 WL 3570652, at *4 (N.D. Tex. July 1, 2016) (breach of contract claim that "seeks benefits due him under the Plan" was completely preempted) (citing *Meyers*, 2009 WL 3756323, at *5–6 (N.D. Tex. Nov. 9, 2009) (collecting cases) (finding the plaintiff's breach of contract claim seeking benefits due under an ERISA-governed plan was completely preempted under § 502)); *see also Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 275 n.34 (5th Cir. 2004).

Plaintiff's arguments do not alter this result. Plaintiff's argument against removal—that Aetna Health's preemption assertion is based on the wrong document and defendant—is unfounded. As pointed out, the document that Plaintiff relies on, the Certificate of Coverage with Aetna Health named as plan administrator, has an effective date of September 1, 2016, nearly seven years before the events giving rise to her claims. *See* ECF No. 1-3 at 10. Instead, the operative document is the 2022 health plan in place at the time of Plaintiff's claims from 2022–2023, which identifies Aetna Life as administrator. ECF No. 1-6 at 2. The 2022 plan is an ERISA employee benefit plan. ECF No. 1-6 at 65.[11]

---

[11] Even so and regardless of which document applies, at base, Plaintiff intends to sue the plan administrator to recover benefits due to her under the plan's terms.

To conclude, finding ERISA completely preempts at least one of Plaintiff's state law claims gives the Court removal jurisdiction. *See Roberts*, 2016 WL 3570652, at *4; *Meyers*, 2009 WL 3756323, at *6 (the court found amongst numerous state law claims, the plaintiff's breach of contract claim was completely preempted, giving the court removal jurisdiction). Accordingly, Plaintiff's motion to remand is denied.

### IV. DEFENDANT'S MOTION TO DISMISS IS GRANTED.

Once removed from state court, Aetna Life moved to dismiss[12] Plaintiff's state law claims, arguing that because these claims seek ERISA plan benefits, they are conflict-preempted. ECF Nos. 4 at 5; 9 at 5. Aetna Life points out that Plaintiff is a plan participant suing the plan's claims administrator for claims arising out of an alleged failure to properly adjudicate her claims for ERISA plan benefits, namely a failure to properly apply the provision to cover newborn children for the first 31 days following birth. ECF No. 4 at 6, 7. Plaintiff responds that her allegations sufficiently state a claim for relief, and amendment can cure any defects. ECF No. 4.

"Conflict preemption, also known as ordinary preemption, arises when a federal law conflicts with state law, thus providing a federal defense to a state law

---

[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). The Court accepts all well-pleaded facts as true, "drawing all reasonable inferences in favor of the nonmoving party." *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (internal quotation omitted).

claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Meyers*, 2009 WL 3756323, at *2 (quoting *Arana,* 338 F.3d at 439); *see also Roberts*, 2016 WL 3570652, at *4. Section 514(a) preempts "any and all State laws insofar as they may now or hereafter relate[13] to any employee benefit plan described in [29 U.S.C. § 1003(a)]." 29 U.S.C. § 1144(a).

Conflict preemption occurs "if a two-prong test is satisfied: (1) [t]he state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) [] directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Meyers*, 2009 WL 3756323, at *2 (citing *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004)); *see also Roberts*, 2016 WL 3570652, at *4. "If the facts underlying a state law claim bear *some* relationship to an employee benefit plan, [the court] evaluate[s] the nexus between ERISA and state law in the framework of ERISA's statutory objectives," which include "establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans." *Meyers*, 2009 WL 3756323, at *2 (citing *Mayeaux*, 376 F.3d at 432 (quoting 29 U.S.C.

---

[13] "State law 'relates to' an ERISA plan 'if it has a connection with or reference to such a plan.'" *Martinez*, 594 F. Supp. 3d at 838 (quoting *Transitional Hosps. Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983))); citing *King v. Bluecross Blueshield of Alabama*, 439 F. App'x 386, 389 (5th Cir. 2011)).

10

§ 1001(b)).

Having already found Plaintiff's breach of contract claim completely preempted, the Court turns to Plaintiff's promissory estoppel and DTPA claims. Plaintiff's promissory estoppel claim alleges that she detrimentally relied on Aetna Health's representations and promises of coverage, but then Aetna Health failed to honor its representations and refused payment of covered claims. ECF No. 1-3 at 6. "Where a claim of estoppel 'addresses [plaintiff's] right to receive benefits under the terms of an ERISA plan,' it is subject to preemption." *Meyers*, 2009 WL 3756323, at *8 (quoting *McNeil v. Time Ins. Co.,* 205 F.3d 179, 191 (5th Cir. 2000), *compare to Repass v. AT & T Pension Benefit Plan*, No. 3:14-CV-2686-L, 2015 WL 5021405, at *4 (N.D. Tex. Aug. 25, 2015) (ERISA does not preempt a claim for promissory estoppel when the "misrepresentation claims do not depend on whether its services were or were not fully covered under the patients' plans.") (quoting *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 385 (5th Cir. 2011), *adhered to on reh'g en banc*, 698 F.3d 229 (5th Cir. 2012), citing *Mid–Town Surgical Center, LLP v. Humana Health Plan of Texas, Inc.,* 16 F.Supp.3d 767, 781 (S.D.Tex.2014) (denying the defendant's motion to dismiss because Plaintiff alleged sufficient facts to support a claim for promissory estoppel and negligent misrepresentation because "[c]onsultation of the plans' terms is thus not necessary to evaluate whether United's agents' statements were misleading.")). Because Plaintiff's promissory estoppel

11

claim relies on whether she is entitled to coverage and the "rights [to receive the disputed benefits] are expressly set forth in the ERISA plan, those rights 'relate to' the Plan," and therefore, ERISA preempts this claim. *See Meyers*, 2009 WL 3756323, at *8 (quoting *Aucoin v. RSW Holdings, L.L.C.,* 476 F. Supp. 2d 608, 617 (M.D. La. 2007); citing *Bank of La. v. Aetna U.S. Healthcare, Inc.,* 2003 WL 21634306, at *2 (E.D. La. July 9, 2003) (holding that there was "no reason to except the plaintiff's state law claims for detrimental reliance and misrepresentation from preemption, since they meet both prongs of the [§ 514] test.").

Next, Plaintiff's DTPA claim asserts various laundry list violations, which essentially boil down to Aetna Health's representations that caused Plaintiff confusion and misunderstanding related to its "services," *i.e.* claim coverage. ECF No. 1-3 at 7. These DTPA violations address an area of exclusive federal concern, namely "establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans," and the right to receive benefits under the terms of the plan—all of which affect the relationship among traditional ERISA entities. *See Martinez*, 594 F. Supp. 3d at 840 (finding that the plaintiff's DTPA claim that the defendant failed to disclose that services had benefits when they did not have benefits, failed to disclose information such that they would act against the plaintiff were conflict-preempted) (quoting 29 U.S.C. § 1001(b), citing *Mayeaux*,

12

376 F.3d at 432). The Court finds that Plaintiff's remaining claims are preempted under ERISA. Accordingly, Defendant's motion to dismiss is granted.

## V. PLAINTIFF MAY AMEND HER COMPLAINT.

Although Aetna Life asks the Court to dismiss this lawsuit because *pro se* Plaintiff has not attempted to amend, ECF No. 16 at 2, the Court notes that when a claim is completely preempted under ERISA, "the proper course for a federal court is to hold that it has removal jurisdiction under § 502, dismiss all state-law claims that are preempted under ERISA §§ 502 and 514, and allow the plaintiff to replead any claims that are available under ERISA's civil enforcement remedy." *See Meyers*, 2009 WL 3756323, at *8 (citing *Cardona v. Life Ins. Co. of N. Am.*, No. CIVA309-CV-0833-D, 2009 WL 3199217, at *9–10 (N.D. Tex. Oct. 7, 2009); *see also Roberts*, 2016 WL 3570652, at *5 (dismissing the plaintiff's preempted claims but permitting leave to amend his complaint to replead and assert the dismissed state-law claims as federal claims) (citing *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, n.62 (5th Cir. 2015)); *Drew v. Life Ins. Co. of N. Am.,* 2009 WL 1856604, at *1 (N.D. Tex. June 29, 2009) ("[T]he court granted the motion to dismiss, but it also granted [plaintiff] leave to re-plead to assert any available claims under ERISA and any pendent state-law claims that might be maintained under the court's supplemental jurisdiction.").

Accordingly, although the Court dismisses Plaintiff's breach of contract claim

as completely preempted, it grants her leave to file an amended complaint that recasts her claim as a federal cause of action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff is also directed to substitute Aetna Life as the proper defendant because of its status as plan administrator. *See Roberts*, 2016 WL 3570652, at *5 (proper ERISA defendant is the party that controls the plan, *i.e.* plan administrators) (citing *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 844–45 (5th Cir. 2013)).

## VI.  CONCLUSION

For the reasons given above, the Court **ORDERS** as follows:

1. Plaintiff's motion to remand, ECF No. 5, is **DENIED**;

2. Defendants' motion to dismiss, ECF No. 4, is **GRANTED**. Plaintiff's state law causes of action for breach of contract, promissory estoppel, and violations of the DTPA are hereby **DISMISSED;**

3. Plaintiff shall have **THIRTY (30) DAYS** from the date this Order is issued to serve an amended complaint re-pleading her causes of action under ERISA.

Signed at Houston, Texas, on February 25, 2025.

*Dena Palermo*
**Dena Hanovice Palermo**
**United States Magistrate Judge**