United States District Court
Southern District of Texas
**ENTERED**
December 31, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| ERIN TOWNLEY, | § | |
| *Plaintiff,* | § | |
| | § | Case No. 4:24-cv-3513 |
| v. | § | |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| *Defendant.* | § | |

**MEMORANDUM AND ORDER**[1]

This is an ERISA case, seeking reimbursement for medical costs Plaintiff Erin Townley ("Plaintiff" or "Townley") incurred after the birth of her child. Pending before the Court is Defendant Aetna Life Insurance Company's ("Defendant" or "Aetna") motion to dismiss, ECF No. 31. Based on a careful review of the pleadings, motion,[2] and applicable law, the Court grants the motion because Plaintiff did not satisfy the policy's coverage requirements and cannot cure this defect.

## I.     BACKGROUND

These facts are taken from Plaintiff's first amended complaint and are presumed to be true. Townley gave birth by cesarean section in early May 2023.

---

[1] On October 29, 2024, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Transfer Order, ECF No. 12.

[2] Plaintiff filed a response, ECF No. 35. Defendant filed a reply, ECF No. 36. Some exhibits supporting the instant motion were filed under seal. ECF No. 32-2.

ECF No. 28 ¶¶ 18, 24. At the time, she was a beneficiary of an employer-sponsored health insurance plan ("Plan") that Aetna administered and had discretion to interpret. *Id.* ¶ 16–17. Plaintiff's newborn immediately received medically necessary care, at a cost of approximately $7,000. *Id.* ¶ 18. Townley filed a claim under the Plan to cover those costs. *Id.* ¶ 20. Aetna denied the claim, reaffirming that denial through both steps of its internal appeal process. *Id.* ¶¶ 21, 27–29.

Townley sued in Texas state court, proceeding *pro se*. ECF No. 1-3 at 2–8. She alleged breach of contract, promissory estoppel, and violation of the Texas Deceptive Trade Practices Act. *Id.* at 6–7. Defendant removed the case to federal court. ECF No. 1 at 2. Plaintiff sought remand, ECF No. 5, but was unsuccessful, Order, ECF No. 18. She then obtained counsel, ECF Nos. 26–27, and filed her first amended complaint with a copy of the Plan attached, ECF Nos. 28, 28-1. She now alleges that Aetna's denials violate ERISA section 502(a). *Id.* ¶¶ 36–45. Defendant filed the instant motion to dismiss, ECF No. 31.

## II.    LEGAL STANDARD FOR RULE 12(b)(6) DISMISSAL.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and rarely granted." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled

to relief.'" *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 419 (S.D. Tex. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)).

A motion to dismiss "tests the legal sufficiency of the claims alleged in the complaint." *Stolte v. Securian Life Ins. Co.*, 621 F. Supp.3d 1034, 1039 (N.D. Ca. 2022) (citations omitted). When reviewing a motion to dismiss, the court must accept as true the Plaintiff's factual allegations and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citations omitted). A claim is plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)); *ADR Int'l Ltd.*, 667 F. Supp.3d at 419 (quoting *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Id.* (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

"The ultimate question 'is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.'" *Id.* (quoting *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp.2d 581, 590 (S.D. Tex. 2012)).

"[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Id.* (quoting *Farshchi v. Wells Fargo Bank, N.A.*, Civ. Action No. H-15-1692, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (citing *Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp.2d 811, 820 (W.D. Tex. 2009))).

In deciding a Rule 12(b)(6) motion, courts are limited to considering the complaint and documents attached to it, as well as documents attached to a Rule 12(b)(6) motion that are both referred to in the complaint and central to the plaintiff's claim. *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## III. DEFENDANT IS ENTITLED TO DISMISSAL BECAUSE THE PLAN DOES NOT PROVIDE COVERAGE TO A NEWBORN UNLESS THE CHILD IS ADDED TO THE POLICY WITHIN THIRTY-ONE DAYS AFTER BIRTH.

In her amended complaint, Plaintiff alleges that Aetna's denial of benefits was based on a flawed interpretation of the Plan's automatic newborn coverage provision and was a violation of ERISA and was arbitrary and capricious. Pl.'s Am. Compl., ECF No. 28 ¶¶ 31, 33, 44. Alternatively, Plaintiff alleges that the Newborns' and Mothers' Health Protection Act ("NMHPA") entitles her to automatic coverage. *Id.* ¶¶ 25, 31. Aetna argues, in essence, that it is entitled to dismissal because its reading of the Plan was legally correct and therefore not arbitrary and capricious and Plaintiff's complaint fails to allege a legally viable claim. ECF No. 31. Defendant further asserts that the NMHPA is inapplicable because it only applies when the Plan

provides coverage and there is no such provision under the Plan. ECF No. 31 at 5, 13.

**A.    Judicial Review of The Plan Administrator's Discretionary Benefits Determination: Abuse of Discretion.**

When an insurance plan administrator has discretion to determine eligibility or interpret plan terms, judicial review of the administrator's benefits determination is done under an abuse of discretion standard. *Krishna v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 676 F. Supp.3d 494, 502 (S.D. Tex. 2023), *aff'd sub nom. Krishna v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, No. 23-20289, 2024 WL 1049474 (5th Cir. Mar. 11, 2024) (citing *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 512 (5th Cir. 2010)). In the context of ERISA, this standard is equivalent to arbitrary and capricious review. *Id.* "'A decision is arbitrary if it is 'made without a rational connection between the known facts and the decision.'" *Id.* (citing *Anderson*, 619 F.3d at 512 (citing *Ellis v. Liberty Life Assurance Company of Boston*, 394 F.3d 262, 273 (5th Cir. 2004), cert. denied, 545 U.S. 1128, 125 S. Ct. 294, 162 L.Ed. 867 (2005))). In addition, the administrator's decision must be supported by substantial evidence, which is more than a scintilla but less than a preponderance, and is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* (citations omitted). The court's review need only assure that the administrator's decision is on a continuum of reasonableness. *Id.* at 502–03 (quoting *Anderson*, 619 F.3d at 512).

The preliminary question in reviewing a plan administrator's determination under an abuse of discretion standard is whether the administrator's interpretation was legally correct. *Id.* at 509 (citing *Encompass Office Solutions, Inc. v. Louisiana Health Service & Indemnity Co.*, 919 F.3d 266, 282 (5th Cir. 2019)). In doing so, courts consider: (1) whether the administrator has given the plan a uniform construction; (2) whether the interpretation is consistent with a fair reading of the plan; and (3) any unanticipated costs resulting from different interpretations of the plan. *Id.* (quoting *Gosselink v. American Telephone & Telegraph, Inc.*, 272 F.3d 722, 726 (5th Cir. 2001)). If the plan interpretation was legally correct, the inquiry ends and there was no abuse of discretion based on the plan administrator's interpretation of the plan. *Id.* (quoting *Encompass*, 919 F.3d at 282).[3]

## B. Aetna Has Discretion To Interpret the Plan And Its Determination Was Legally Correct.

Defendant asserts that Townley's claim fails because it is premised on a fundamental misunderstanding of both the Plan's coverage and the law. ECF No. 31 at 5, 14–16. Plaintiff alleges her child was automatically covered for the first thirty-one days after birth through Townley's in-force coverage under the Plan; therefore,

---

[3] However, if a plan interpretation is not legally correct, the court then applies a factor-based analysis to determine whether the legally incorrect interpretation nevertheless falls within the administrator's discretion: (1) the internal consistency of the plan under the administrator's interpretation; (2) any relevant regulations formulated by the appropriate administrative agencies; and (3) the factual background of the determination and any inferences of lack of good faith." *Id.* (internal quotations omitted).

Aetna's denial was arbitrary and capricious and violated ERISA. ECF No. 28 ¶¶ 19, 28, 41–44. To analyze the parties' arguments, the Court turns to the Plan documents. *Stolte*, 621 F. Supp. 3d at 1042.

Here, according to the Plan, Aetna had discretion both as to eligibility determination and plan term interpretation. ECF No. 28-1 at 51 ("Aetna has full discretionary authority . . . to determine eligibility for benefits . . . and to construe terms of the Plan with respect to benefits"). [4] Thus, the Court's review of Townley's claim must first determine whether Aetna's decision was legally correct. Of the factors to assess whether the administrator's decision is legally correct, the parties only dispute whether Aetna's "interpretation is consistent with a fair reading of the plan." *Krishna*, 676 F.Supp.3d at 509. In reviewing whether the administrator's interpretation is based on a fair reading of the plan, the Court must give the insurance contract language "its ordinary and generally accepted meaning." *Id.* at 510–11 (quoting *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 331 (5th Cir. 2014)).

If there is ambiguity, courts generally construe it against the drafter, except where the plan gives the administrator discretionary plan interpretation authority. *Id.* at 511 (quoting *Green*, 754 F.3d at 331; citing *Smith v. Life Insurance Company of North America*, 459 F. App'x 480, 484 (5th Cir. 2012)). In that case, courts may only

---

[4] The Court may consider the Plan because it is attached to Plaintiff's First Amended Complaint. *George*, 36 F.4th at 619.

determine if the administrator's interpretation was reasonable. *Id.* (citing *Smith*, 459 F. App'x at 484)). Since the Plan gives Aetna discretionary authority to interpret the Plan, in the event of any ambiguity, the Court is limited to evaluating whether Aetna's interpretation was reasonable. *Id.*; ECF No. 28-1 at 51.

The Plan's provision addressing maternity and related newborn care states:

> **Covered services** include pregnancy (prenatal) care, care after delivery and obstetrical services. After your child is born, **covered services** include:
>
> - No less than 48 hours of inpatient care in a **hospital** after a vaginal delivery
> - No less than 96 hours of inpatient care in a **hospital** after a cesarean delivery

ECF No. 28-1 at 12 (emphases in original to designate defined terms). The Plan in turn defines "covered service" as "benefits, subject to varying cost shares, covered under the plan." *Id.* at 56. The Plan also explains the process of adding new dependents, with coverage starting "on the date of the event for new dependents that join [the] plan" by birth. *Id.* at 47. The Plan includes a requirement that Aetna "must receive a completed enrollment form not more than 31 days after the event date." *Id.*

The Court finds no ambiguity in these terms. An ordinary, plain language interpretation of these terms is that the Plan covers hospital inpatient care for the mother for at least 48 hours after a vaginal delivery and 96 hours after a cesarean delivery. A newborn dependent can be added to the Plan with coverage retroactive to its birth as long as Aetna receives a completed enrollment form no more than 31

days after the baby is born. This reading is consistent with Aetna's interpretation. ECF No. 31 at 5 ("the plan provides coverage for newborn children only if the child is enrolled in a plan within 31 days of birth"). The Court therefore concludes that Aetna's interpretation of these unambiguous terms "is consistent with a fair reading of the plan" and was legally correct. *Krishna*, 676 F.Supp.3d at 509.

Plaintiff's allegations in her complaint are contrary to the plain language of the Plan. *See Stolte*, 621 F. Supp. 3d at 1047. Plaintiff alleges that the Plan requires automatic coverage for the newborn for 31 days following birth, regardless of whether the child is added to the policy. Pl.'s First Am. Compl., ¶18-19. Plaintiff's reading ignores the provision that requires the child to be enrolled within 31 days for coverage to relate back to birth. ECF No. 28-1 at 47. Plaintiff does not allege that her child was enrolled within the deadline. Thus, Plaintiff's allegations fail to provide her with a plausible claim for relief. *ADR Int'l Ltd.*, 667 F. Supp. 3d at 419 (citing *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). Construing the allegations in the light most favorable to Plaintiff, the Court cannot conclude that Defendant is liable for the misconduct alleged. Plaintiff's allegations that the Defendant acted arbitrarily in denying coverage because the newborn was automatically covered for 31 days despite the fact that the child was never enrolled in the Plan is contrary to the plain reading of the Plan. As harsh as this result may be, no plausible reading of the complaint and Plan documents can support a different

9

result.

Moreover, Aetna's decision was based on and supported by substantial evidence establishing the Plaintiff's child was not enrolled. Plaintiff admits in her complaint that Aetna stated its

> records indicate [Plaintiff's child] is not enrolled for benefits on the submitted date(s) of service. If member is a newborn, ensure you enroll the dependent within the time required under your Plan.

ECF No. 28 ¶ 21. Likewise, Aetna's determination response to Townley's first-level appeal, *id.* ¶¶ 27–28, informed her:

> We do not show enrollment for [Plaintiff's child] under your Aetna medical plan. If a patient has not been enrolled under the Aetna plan as a member, they are ineligible for benefit coverage. If claims are received for patients that are not covered under the plan, the claims are rejected. Therefore, none of the providers' claims can be allowed for benefit consideration at this time. Your plan sponsor . . . is responsible for enrollment and eligibility. Therefore, we recommend for you to contact [your plan sponsor's] human resources department for assistance with [Plaintiff's child]'s enrollment under your Aetna medical plan.

ECF No. 32-2 at 6 (Aetna's August 2023 letter to Plaintiff explaining its denial of claims submitted on behalf of Plaintiff's child from its May 2023 birth).[5] Plaintiff does not contend otherwise. The Court finds that denying a claim based on evidence showing the newborn was not covered under the Plan to be firmly on the requisite

---

[5] The Court may properly consider this sealed exhibit—Aetna's response to Townley's first-level appeal—in deciding the instant motion because it is attached to Defendant's motion, quoted in Plaintiff's First Amended Complaint, and is central to her claim as it provides the language underpinning her case. ECF No. 28 ¶¶ 21, 27–28.

"continuum of reasonableness." *Krishna*, 676 F. Supp. 3d at 513. Thus, Plaintiff's ERISA claim is not legally viable based on her facts as alleged because she fails to plausibly plead that Aetna's determination was an abuse of discretion and cannot survive dismissal. *ADR Int'l Ltd.*, 667 F. Supp. 3d at 419.

## C.    NMHPA Does Not Require Coverage of Benefits To Non-Covered Persons.

Townley's alternative position relying on the NMHPA fares little better. Townley argues Aetna's denial was based on an incorrect interpretation of "the Plan's automatic newborn coverage provision under [the] NMHPA, which requires Newborn Coverage." ECF No. 28 at ¶ 31. Plaintiff's argument is without merit.

The statute provides a

group health plan . . . may not . . .

(i)    restrict benefits for any hospital length of stay in connection with childbirth for the mother or newborn child, flowing a normal vaginal delivery, to less than 48 hours, or

(ii)    restrict benefits for any hospital length of stay in connection with childbirth for the mother or newborn child, following a cesarean section, to less than 96 hours . . .

(c)(2) This section shall not apply with respect to any group health plan . . . which does not provide benefits for hospital lengths of stay in connection with childbirth for a mother or her newborn child.

29 U.S.C. § 1185(a)(1)(A) & (c)(2).

By the plain terms of the statute, the NMHPA does not require coverage of benefits to a person who is not otherwise covered under the plan. As Aetna states, enrollment is required for benefit coverage eligibility. ECF No. 32-2 at 6. Nothing

in the NMHPA requires automatic coverage for non-beneficiaries. Plaintiff fails to cite a case, nor is the Court able to discern any authorities, holding otherwise. Therefore, Plaintiff's NMHPA argument is based upon an invalid legal theory and cannot survive dismissal. *ADR Int'l Ltd.*, 667 F. Supp. 3d at 419.

## IV.     AMENDMENT WOULD BE FUTILE.

Plaintiff requests leave to amend should the court grant Defendant's motion. ECF No. 35 at 11. The Court, however, concludes that Plaintiff's ERISA and NMHPA claims cannot be saved by any amendment. Based on the undisputed text of the Plan documents, no new factual allegations could change this analysis unless Plaintiff can plausibly claim that she enrolled her newborn before the expiration of the 31-day deadline. Any new allegation that the newborn was enrolled in time would conflict with the evidence of record. Because no new allegations could change the outcome in this case, the Court finds that amendment is futile and denies leave to amend.

## V.     CONCLUSION

As alleged, Plaintiff fails to state a plausible claim for relief. Her interpretation of the Plan ignores a critical provision that requires enrollment of the newborn child within 31 days of birth for coverage. Her NMHPA claim fails for the same reason. The statute does not apply if there is no coverage under the Plan. Therefore, Aetna's motion to dismiss, ECF No. 31, is **GRANTED**. The Court finds that amendment

would be futile and this lawsuit is **DISMISSED WITH PREJUDICE**.

Signed at Houston, Texas, on December 31, 2025.

**Dena Hanovice Palermo**
**United States Magistrate Judge**